## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BOILERMAKER-BLACKSMITH** | ) | |
| **NATIONAL PENSION FUND, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-9937-CM** |
| | ) | |
| **SOUTH BUFFALO ELECTRIC, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' Motion for Default Judgment (Doc. 6).[1] On

December 29, 2015, plaintiffs filed this action, seeking monetary damages pursuant to §§ 502 and 515

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145.

(*See* Doc. 1 at 1 ¶ 2.) Plaintiffs allege that defendant, South Buffalo Electric, Inc., failed to comply

with its statutory and contractual obligations to the plaintiff funds arising from defendant's collective

bargaining agreement with the International Brotherhood of Boilermakers, Iron Ship Builders,

Blacksmiths, Forgers and Helpers, AFL-CIO and its affiliated local unions. Plaintiffs now seek a

judgment by default against defendant in the following amounts:

| | |
|---|---|
| Contributions: | $12,857.28 |
| Liquidated Damages: | $1,542.88 |
| Interest: | $400.40 |
| Attorney's Fees: | $1,700.00 |

---

[1] Plaintiffs are Boilermaker-Blacksmith National Pension Fund; Boilermakers National Health and Welfare Fund; Boilermakers National Annuity Trust; Boilermakers' Apprenticeship and Training Funds; John Fultz, as a fiduciary of the Boilermaker-Blacksmith National Pension Fund, Boilermakers National Health and Welfare Fund, Boilermakers National Annuity Trust, and Boilermakers' Apprenticeship and Training Funds; The Mobilization Optimization, Stabilization and Training Fund; and Roger Erickson, as a fiduciary of The Mobilization, Optimization, Stabilization and Training Fund. (Doc. 1 at 1.)

Costs:                                                          <u>$556.25</u>
**TOTAL:**                                                   **$17,056.81**

Plaintiffs filed their complaint on December 29, 2015.  (*See* Doc. 1.)  A process server served the complaint by personal service on defendant's registered agent in Buffalo, New York, on December 31, 2015.  (*See* Doc. 2.)  Defendant did not respond to the complaint, and on January 26, 2016, plaintiffs filed their Verified Application for Entry of Default (Doc. 4).  The clerk entered default the following day.  (*See* Doc. 5.)  On February 9, 2016, plaintiffs filed the pending motion.  (*See* Doc. 6.)

The court has subject matter and personal jurisdiction of defendant pursuant to 29 U.S.C. §§ 1132(e) and 1145, and 28 U.S.C. § 1331.[2]  ERISA requires the Court to award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions under Section 515 of the statute.  *See* 29 U.S.C. § 1132(g)(2)(A).  Therefore, judgment in the amount of $12,857.28 is proper.

ERISA grants recovery of liquidated damages as provided for under the plan in an amount not in excess of twenty percent of the unpaid contribution amount determined by the court.  *See* 29 U.S.C. § 1132(g)(2)(C).  The plaintiff plans' Board of Trustees have adopted a policy under which the plans impose liquidated damages at a rate of twelve percent of the unpaid contribution amount.  (*See* Doc. 6-1 at 2 ¶ 4.)  Therefore, judgment for plaintiffs for liquidated damages in the amount of $1,542.88 is proper.

ERISA requires recovery of interest accrued on an employer's unpaid contributions into a qualified ERISA plan.  *See* 29 U.S.C. § 1132(g)(2)(B).  Interest on unpaid contributions is determined by using the rate provided under the plan, or if none is provided under the plan, the rate prescribed under Section 6621 of Title 26.  *See id.* at § 1132(g)(2).  Plaintiffs request $400.40 in accrued interest, which represents interest accrued through January 31, 2016, at the rate of twelve percent per annum upon the delinquent contributions and liquidated damages as permitted per the plan from the

---

[2] Defendant is a corporation, and therefore not a minor, incompetent, or member of the armed forces.

September through November 2015 due dates.  (*See* Doc. 6-1 at 2–3 ¶¶ 6–7.)  Accordingly, judgment

in the amount of $400.40 is proper.

      ERISA permits recovery of reasonable attorney's fees and costs incurred during any action to

enforce an employer's payment into a qualified plan.  *See* 29 U.S.C. § 1132(g)(2)(D).  Plaintiffs

request judgment against defendant for attorney's fees in the amount of $1,700.00 and costs in the

amount of $556.25.  Plaintiffs' complaint does not allege a specific amount of fees and costs incurred,

but the motion for default judgment establishes that plaintiffs' counsel has billed plaintiffs for 6.4

hours of attorney's time at the rate of $200 per hour and 4.2 hours of paralegal's time at the rate of

$100 per hour.[3]  Accordingly, the total fee for legal services incurred through January 24, 2016, billed

to the plaintiffs is $1,700.00.  Plaintiffs' counsel billed plaintiffs $556.25 in expenses—$400 for the

filing fee in this action and $156.25 for service of process.  Because plaintiffs gave notice in their

complaint of their general intention to seek costs and fees under Section 502(g)(2), and they now

specify the exact amount of costs and fees incurred, the court grants plaintiffs' request for $1,700.00 in

fees and $556.25 in costs.

---

[3] Plaintiffs' counsel concludes in her declaration that the "rates are reasonable given the prevailing rates in the greater Kansas City metropolitan area[,]" but does not offer any extrinsic evidence supporting this.  (*See* Doc. 6-2 at 2 ¶ 8.)  The court knows, however, that the rates are reasonable rates for this kind of work in this area.  *Cf. Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion use other relevant factors, including its own knowledge, to establish the rate.").

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Default Judgment (Doc. 6) is granted.  The clerk is directed to enter default judgment against defendant South Buffalo Electric, Inc. and in favor of plaintiffs in the following amounts:

| | |
|---|---:|
| Contributions: | $12,857.28 |
| Liquidated Damages: | $1,542.88 |
| Interest: | $400.40 |
| Attorney's Fees: | $1,700.00 |
| Costs: | $556.25 |
| **TOTAL:** | **$17,056.81** |

Dated this 24th day of May, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**